IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN A. CARR, INDIVIDUALLY § | | |
| AND AS TRUSTEE OF § | | |
| THE CARR TRUST § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| STATE FARM FIRE AND § | | |
| CASUALTY COMPANY, § | | |
|     *Defendant.* § | JURY DEMANDED | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company files this Notice of Removal, because diversity of citizenship jurisdiction exists under to 28 U.S.C. § 1332.

## PROCEDURAL BACKGROUND

1. Plaintiff Steven A. Carr, Individually and as Trustee of The Carr Trust filed this action on July 11, 2017, against State Farm Fire and Casualty Company ("State Farm Fire") in the 361st Judicial District Court of Brazos County, Texas. The case was docketed under cause number 17-001818-CV-361.

2. State Farm Fire was served with citation and Plaintiff's Original Petition on July 20, 2017. The statutory deadline to remove this action under 28 U.S.C. § 1446(b)(1) is 30 days after Defendant's receipt of the initial pleading, in this case, August 19, 2017.

3. State Farm Fire timely files this Notice of Removal under 28 U.S.C. §1446, to remove the State Court Action from the 361st Judicial District Court of Brazos County, Texas to the U.S. District Court for the Southern District of Texas, Houston Division.

4. Plaintiff's Original Petition filed in the State Court Action included a jury demand. State Farm Fire filed an Original Answer and jury demand and has paid the jury fee.

## NATURE OF SUIT

5. This lawsuit concerns State Farm Fire's handling of Plaintiff's insurance claim under a Minnesota Homeowners Policy for alleged storm damage to Plaintiff's vacation home in Minnesota. Plaintiff asserts causes of action for: (1) breach of the insurance contract; (2) violations of the Texas Insurance Code[1] and the Deceptive Trade Practices Act; (3) breach of the common law duty of good faith and fair dealing; (4) fraud; and (5) breach of fiduciary duty.

## BASIS FOR REMOVAL

6. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Diversity of the Parties**

7. Removal is proper because there is and was complete diversity between the parties under 28 U.S.C. §1332 both at the time of the filing of Plaintiff's Original Petition and at the time of its removal to this Court.

8. Plaintiff was, at the time of filing this lawsuit, and still is, a citizen of Brazos County, Texas and resides in Brazos County, Texas.

9. State Farm Fire was at the time this action was commenced, and still is, a citizen of Illinois. 28 U.S.C. §1332(c)(1). State Farm Fire is a corporation organized and

---

[1] Plaintiff specifically asserts claims under Article 21.21 and Article 21.25 of the Texas Insurance Code. Article 21.21 and Article 21.25 have been repealed and replaced with a new statutory framework. Defendant specially excepted to these and other claims in its Original Answer. *See* Ex. B-2, ¶¶ 10, 12.

incorporated in the state of Illinois. State Farm Fire's statutory home office and principal place of business is in Bloomington, Illinois, and has been in Bloomington, Illinois since State Farm Fire's inception in 1935. Therefore, State Farm Fire may remove this action pursuant to 28 U.S.C. §1441, because complete diversity of citizenship exists between Plaintiff and State Farm Fire.

**B.  Amount in Controversy**

10.  The value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. As an initial matter, Plaintiff affirmatively states in his Petition that he seeks "monetary relief over $200,000."[2] Plaintiff's Petition further alleges that he has sustained damages exceeding the insurance policy limits of $481,920, and that Plaintiff seeks mental anguish damages[3] and payment of his attorney's fees.[4] Plaintiff also seeks punitive damages for breach of the duty of good faith and fair dealing and fraud.[5]

11.  Based on the allegations in Plaintiff's Original Petition, it is facially apparent that the "amount in controversy" requirement of 28 U.S.C. §1332(a) has been satisfied.

## REMOVAL IS PROCEDURALLY CORRECT

12.  This notice of removal is timely under 28 U.S.C. § 1446(b). Defendants were served with process on July 20, 2017.

13.  Removal is proper to this division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

---

[2]  Ex. B-1, Pl. Pet. at ¶ 19.
[3]  Ex. B-1, Pl. Pet. at ¶ 16.
[4]  Ex. B-1, Pl. Pet. at ¶ 17.
[5]  Ex. B-1, Pl. Pet. at ¶¶ 12, 14, 20.

14. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this notice.[6]

15. Additionally, all documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed.[7]

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the 361st Judicial District Court of Harris County, Texas.

## JURY DEMAND

17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury.

## PRAYER

18. Defendant respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant further requests any additional relief to which it may be entitled.

Respectfully submitted,

By:    */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      S.D. Tex. I.D. 21206
      Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
**ATTORNEY FOR DEFENDANT**

---

[6] *See* Exhibit B.
[7] See *Index of Matters Filed*, attached as Exhibit A.

**OF COUNSEL:**
Avniel J. Adler
State Bar No. 24071933
S.D. Tex. I.D. 2229550
Email: aadler@nck-law.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by U.S. Mail, certified return receipt requested service and facsimile on August 17, 2017, as follows:

W. Jeff Paradowski
1604 Copperfield Parkway, Suite 100
College Station, Texas 77845
**VIA FACSIMILE – 979-774-2223**
**AND CMRRR – 7016 2140 0000 8038 7894**

                                                                                       */s/ M. Micah Kessler*
                                                                                       M. Micah Kessler