# EXHIBIT B

## Case Information

17-001818-CV-361 | Steven A. Carr, Individually and as Trustee of the Carr Trustvs.State Farm Fire and Casualty

| Case Number | Court | File Date |
|---|---|---|
| 17-001818-CV-361 | 361st District Court | 07/11/2017 |
| Case Type | Case Status | |
| Contract - Other | Filed | |

## Events and Hearings

07/11/2017 Original Petition (OCA)

07/11/2017 ORIGINAL PETITION ▾

Plaintiff's Original Petition

07/11/2017 Case Information Sheet ▾

Civil Case Information Sheet

07/11/2017 Issue Process Instructions ▾

Issuance of Process Instructions

07/12/2017 Citation Issued ▾

Citation Issued

07/12/2017 Citation ▾

08/01/2017 Affidavit ▾

Affidavit of Service/ State Farm

08/14/2017 ANSWER ▾

State Farm Fire and Casualty Company's Original Answer and Affirmative Defenses

08/14/2017 JURY DEMAND ▾

Defendant State Farm Fire and Casualty Company's Jury Demand

08/14/2017 Jury Fee Paid

09/13/2017 Status Hearing ▾

Judicial Officer
Smith, Steve

Hearing Time
04:45 PM

# EXHIBIT B-1

Received & Filed 7/11/2017 5:07 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 18130879

17-001818-CV-361

## CAUSE NO. _____

| | | |
|---|---|---|
| **STEVEN A. CARR, INDIVIDUALLY AND AS TRUSTEE OF THE CARR TRUST,** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § § | |
| **v.** | § § | **_____ JUDICIAL DISTRICT** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | § § | |
| **Defendant** | § | **BRAZOS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes STEVEN A. CARR, Individually and as Trustee of THE CARR TRUST, hereinafter referred to as Plaintiff, and files this his Original Petition, complaining of the acts of STATE FARM FIRE AND CASUALTY COMPANY, hereinafter referred to as Defendant, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY PLAN

1.      Discovery is to be conducted under Level 3 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

2.      Plaintiff is a resident of Bryan, Brazos County, Texas.

3.      Defendant STATE FARM FIRE AND CASUALTY COMPANY is a foreign corporation duly organized under the laws of the State of Illinois, and conducting business in the State of Texas that may be served process by delivering citation to its authorized agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action because the amount in controversy is within the

jurisdictional limits of this Court, and because Defendant does, and has done, business in the state

of Texas.

5.      Venue is proper in Brazos County, Texas, pursuant to Sections 15.002 and 15.032 of the

Texas Civil Practice Remedies Code because Plaintiff was a resident of Brazos County, Texas, at

the time the causes of action accrued.

## IV.
## FACTUAL BACKGROUND

6.      On or about March 18, 2013, Plaintiff took out a policy of Homeowners Insurance that

insured a vacation home located at 1862 Yellow Moccasin Trail in East Gull Lake, Cass County,

Minnesota.  This policy was renewed on March 18, 2015 (Policy Number 23-B0-Q978-3), and

was in full force and effect on July 12, 2015, and has remained in full force and effect at all times

pertinent to the claims made in this Petition.

Part of the coverage afforded by the Defendant included the following:

     A.      Section I – Coverages

     Coverage A – Dwelling

     1. Dwelling.  We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

     Dwelling includes:

     a.  structures attached to the dwelling;
     b.  materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises;
     c.  foundation, floor slab and footings supporting the dwelling; and
     d.  wall-to-wall carpeting attached to the dwelling.

\* \* \*

B.    Section I – Loss Settlement

Coverage A – Dwelling

1.  A1 – Replacement Cost Loss Settlement – Similar Construction

a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will pay the increased cost of replacing, rebuilding or repairing any structure in accordance with the minimum code in force at the time of loss as required by state or local authorities, when the loss or damage is caused by a Loss Insured.  In case of a partial loss to the covered property, we will pay only for the damaged portion of the property.

Coverage for the increased cost to replace, rebuild or repair a structure according to code does not increase the limit of liability applicable to that structure.

Subparagraph (a)(4) of section A1 – Replacement Cost Loss Settlement – Similar Construction, above, was amended by FE-3476 HOMEOWNERS POLICY ENDORSEMENT (Minnesota), that reads:

>    (4) we will pay the increased cost of replacing, rebuilding, repairing or demolishing any structure in accordance with the minimum code in force at the time of loss as required by state or local authorities, when the loss or damage is caused by a Loss Insured. In case of a partial loss to the covered property, we will pay only for the damaged portion of the property. In case of a constructive total loss to the covered property, we will pay for both the damaged portion and the undamaged portion of the property.
>
>    Coverage for the increased cost to replace, rebuild, repair, or demolish a structure according to code does not increase the limit of liability applicable to that structure.

C.      Defendant agreed to insure Plaintiff's vacation home (or "Dwelling") with Dwelling coverage limits of $401,600 plus an additional $80,320 in increased Dwelling coverage limits under section Option ID of the policy.

7.      Thereafter, on July 12, 2015, Plaintiff's Dwelling sustained significant damage caused by microburst winds.

8.      Defendant initially said the Dwelling structure only needed repair work, but did agree to hire an engineer to review the structural integrity of the Dwelling. It was determined by Defendant's engineer that the north and center portions of the structure were a total loss, including the foundation. In the process of obtaining bids to repair/replace the Dwelling, contractors indicated that it would be costlier to attach to the unharmed portion, and recommended instead that the entire dwelling be razed. Plaintiff eventually contracted with Baratto Brothers Construction to replace the entire dwelling, with a contract price of almost $700,000. Plaintiff had as of May 15, 2017 already incurred over $482,000.00 in costs to repair or replace the Dwelling. Defendant only made payments for the costs to repair the portions of the structure Defendant claimed required repair/replacement, based on Defendant's estimate of costs. To date, Defendant has only paid the sum of $288,380.37 in repair/replacement costs; yet the policy limit is $481,920.00. Plaintiff has

sought on several occasions to have Defendant pay for the balance owed under the policy. Defendant has failed and refused, and continues to fail and refuse to pay for the damage which was covered under Plaintiff's policy of insurance.

## V.
## CAUSES OF ACTION

### A.   Breach of Contract

9.     Plaintiff says that Defendant's failure and refusal to either pay for the repair and/or replacement of the Dwelling constitutes a breach of Plaintiff's contract of insurance with Defendant. Plaintiff has been damaged as a proximate result of Defendant's breach of contract, as more fully set forth below.

### B.   DTPA

10.    Plaintiff is a consumer who purchased a contract of insurance, policy number 23-B0-Q978-3, from Defendant. Defendant's actions violate Section 17.50 et seq., of the Texas Deceptive Trade Practices Act. More specifically, Defendant has misrepresented the terms and the coverage of its policy of insurance, and Defendant's actions as described above are unconscionable. Plaintiff seeks damages for the actions of Defendant as described above, together with additional damages as provided by the DTPA, and reasonable attorney's fees. The actions of Defendant in misrepresenting the terms and coverage of its policy, and in failing and refusing to provide full coverage for Plaintiff's loss as described above, were acts that were committed knowingly and intentionally for the purposes of this DTPA claim.

### C.   Violation of Article 21.21, Texas Insurance Code

11.    The actions of Defendant as described above constitute unfair settlement practices as enumerated in Article 21.21 of the Texas Insurance Code. Plaintiff seeks recovery of all damages,

as set for the above, together with such additional damages as allowed by law, including reasonable attorney's fees.

D.  Breach of Duty of Good Faith and Fair Dealing

12.  The actions of Defendant as described above constitute a breach of the duty owed by the Defendant of good faith and fair dealing with its insured. Plaintiff purchased a policy of insurance from Defendant, relying on Defendant's representation that the policy of insurance would cover the kind of damages as were sustained in the July 12, 2015 wind storm. Defendant's failure to honor its policy of insurance, in addition to the various counts as enumerated above, constitutes a breach of the Defendant's duty to deal with Plaintiff fairly and in good faith. As a result of the actions of Defendant, Plaintiff seeks an award of actual damages, as set forth below, along with an award of exemplary damages for the bad faith actions and the malice of the Defendant.

E.  Violation of Article 21.55, Texas Insurance Code

13.  The actions of Defendant as described above violate article 21.55 of the Texas Insurance Code, in that Defendant, for specious or unfounded reasons, has failed to honor Plaintiff's claims for the damages sustained to Plaintiff's dwelling. Defendant's actions in attempting to avoid the responsibilities under the contract violate the prompt payment provisions of article 21.55, Texas Insurance Code, and in connection therewith, Plaintiff seeks not only recovery of actual damages as set forth below, but also of the additional damages afforded under said statute.

F.  Fraud

14.  The actions of Defendant as set forth above constitute blatant fraud, in that Defendant sold Plaintiff a policy of insurance which purported to cover the kind of damage that was sustained during the wind storm of July 12, 2015, and thereafter. Instead, Defendant has fraudulently attempted to resist and avoid the responsibilities under its contract of insurance, to the point that

its actions in selling Plaintiff a policy of homeowner's insurance, and then in refusing to honor it, constitute blatant fraud. Plaintiff seeks recover of actual damages as set forth below, together with an award of exemplary damages.

        G.     Breach of Fiduciary Duty

15.     The actions of Defendant as set forth above constitute a breach of the fiduciary duty owed by Defendant to Plaintiff. Specifically, Defendant, by selling Plaintiff the policy of insurance in question, assumed a fiduciary duty to Plaintiff to not only evaluate and adjust any claims made by Plaintiff which would fall under the policy of insurance in question, but also to provide prompt and fair handling of such claims, and prompt and fair payment for same. The actions of Defendant constitute a violation of the fiduciary duty owed to Plaintiff, and in connection therewith, Plaintiff seeks recovery of his actual damages as set forth below.

## VI.
## DAMAGES

16.     As a result of the July 12, 2015 wind storm, Plaintiff has incurred the following damages:

        a)     Repair and/or replacement cost to Plaintiff's Dwelling that far exceeded the available coverage or policy limit of $481,920 (less the amount of $288,380.37 paid by Defendant);

        b)     Mental anguish occasioned by Defendant's failure and refusal to honor its policy of insurance and the various duties created under the policy of insurance.

Plaintiff's damages are within the jurisdictional limits of this Court.

## VII.
## ATTORNEY'S FEES

17.     Pursuant to Article 38, Texas Civil Practice and Remedies Code, and Texas Insurance Code, article 21.21, and the Texas Deceptive Trade Practices Act, Plaintiff seeks recovery of all attorney's fees incurred in connection with the filing and prosecution of this lawsuit.

## VIII.
## CONDITIONS PRECEDENT

18.     All conditions precedent to Plaintiff's right to recovery have been performed, have occurred, or have been waived by Defendant.

## IX.

19.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded however, will ultimately be determined by a jury. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## X.
## PRAYER

20.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear here and that upon a final trial hereof, Plaintiff have and recover his actual damages, along with exemplary damages and additional damages as allowed by law, as well as reasonable and necessary attorney's fees and all costs of Court expended in this matter. Plaintiff further seeks recovery of prejudgment and post-judgment interest as allowed by law, and all such further relief, general and special, to which he may show to be justly entitled.

**PLAINTIFF DEMANDS A JURY.**

Respectfully submitted,

LAW OFFICES OF W. JEFF PARADOWSKI, P.C.

BY:    _____

W. JEFF PARADOWSKI
State Bar No. 00784718

1604 Copperfield Parkway, Suite 100
College Station, Texas 77845
(979) 774-2222 – Telephone
(979) 774-2223 – Facsimile
jeff@paradowskilaw.com (Email)

ATTORNEY FOR PLAINTIFF

# EXHIBIT B-2

Received & Filed 8/14/2017 9:43 AM
Hon. Hamilton, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 18811658

## CAUSE NO. 17-001818-CV-361

| | | |
|---|---|---|
| STEVEN A. CARR, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS TRUSTEE OF THE | § | |
| CARR TRUST | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY, | § | |
| *Defendants.* | § | 361ST JUDICIAL DISTRICT |

---

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
### ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

Defendant State Farm Fire and Casualty Company files this Original Answer and Affirmative Defenses to Plaintiff's Original Petition and would respectfully show this Court the following:

## I.
## GENERAL DENIAL

1.     Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of

accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulting from accidental direct physical loss during the policy period, in excess of his policy deductible and in excess of payments Defendant has already made to Plaintiff in connection with Plaintiff's insurance claim.

3.      **Payment**. Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments Defendant has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $4,016.00 deductible.

5.      **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6.      **Bona Fide/Legitimate Dispute.**  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

7.      **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment

2

to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

III.

**SPECIAL EXCEPTIONS**

8.     **Breach of Contract** [¶¶ 8-9,17,20]. Defendant specially excepts to Plaintiff's claim for breach of contract and Plaintiff's associated claim for attorney's fees under Article 38, Texas Civil Practice and Remedies Code. Specifically, Plaintiff has failed to allege specific facts demonstrating how Texas law governs Plaintiff's claim for breach of contract. Plaintiff's own allegations raise the question of whether Minnesota law should apply to a claim for breach of a Minnesota Homeowners Insurance Policy governing Minnesota real property. Accordingly, Plaintiff should amend his pleadings to clarify how Texas law governs Plaintiff's contract claim and claim for attorney's fees for breach of contract.

9.     **DTPA** [¶¶ 8,10,17]. Defendant specially excepts to Plaintiff's claim under the Texas Deceptive Trade Practices Act. Specifically, Plaintiff has failed to allege specific facts demonstrating how the Texas Deceptive Trade Practices Act governs Plaintiff's claim for alleged statutory violations occurring outside of the State of Texas. Plaintiff's own allegations raise the question of whether Minnesota law should apply to a misrepresentation regarding a policy of insurance that allegedly occurred outside the State of Texas. Accordingly, Plaintiff should amend his pleadings to clarify how Texas law governs Plaintiff's claim under the Texas Deceptive Trade Practices Act.

10.     **Article 21.21 of the Texas Insurance Code** [¶¶ 8,11,17]. Defendant specially excepts to Plaintiff's claims under "Article 21.21 of the Texas Insurance Code." As an

initial matter, Article 21.21 of the Texas Insurance Code has been **repealed** and replaced with a different statutory framework. Moreover, Plaintiff has failed to allege specific facts demonstrating how Texas law applies to the alleged statutory violations occurring outside of the State of Texas. Plaintiff's own allegations raise the question of whether Minnesota law should apply to this Minnesota insurance claim under a Minnesota Insurance Policy governing a Minnesota risk. Accordingly, Plaintiff should amend his pleadings to clarify how Texas law governs Plaintiff's claims under the Texas Insurance Code.

11.     **Breach of Duty of Good Faith and Fair Dealing** [¶ 8, 12]. Defendant specially excepts to Plaintiff's claim for breach of the common law duty of good faith and fair dealing. Specifically, Plaintiff has failed to allege specific facts demonstrating how the Texas common law duty of good faith and fair dealing applies to the alleged breach of duty occurring outside the State of Texas. Plaintiff's own allegations raise the question of whether Minnesota law should apply to this Minnesota insurance claim under a Minnesota Insurance Policy governing a Minnesota risk. Moreover, Plaintiff fails to articulate how Defendant's claim determination was unreasonable or constituted bad faith, particularly based on Plaintiff's own allegations that Defendant "did agree to hire an engineer to review the structural integrity of the Dwelling" and has "paid the sum of $288,380.37 in repair/replacement costs" for Plaintiff's claim. Accordingly, Plaintiff should amend his pleadings to clarify how Texas law governs Plaintiff's claim and specify how Defendant breached a duty to Plaintiff through its claim determination.

12.     **Article 21.55 of the Texas Insurance Code** [¶¶ 8,13]. Defendant specially excepts to Plaintiff's claims under "Article 21.55 of the Texas Insurance Code." As an

initial matter, Article 21.55 of the Texas Insurance Code has been **repealed** and replaced with a different statutory framework. Moreover, Plaintiff has failed to allege specific facts demonstrating how Texas law applies to the alleged statutory violations occurring outside of the State of Texas. Plaintiff's own allegations raise the question of whether Minnesota law should apply to this Minnesota insurance claim under a Minnesota Insurance Policy governing a Minnesota risk. Accordingly, Plaintiff should amend his pleadings to clarify how Texas law governs Plaintiff's claims under the Texas Insurance Code.

13.     **Fraud** [¶¶ 8,14]. Defendant specially excepts to Plaintiff's claim for fraud, because Plaintiff fails to allege facts to support the elements of fraud. Specifically, Plaintiff fails to allege specific facts regarding: (1) what false representation Defendant made; (2) how Plaintiff relied on such misrepresentation(s) and (3) how Plaintiff was induced to act as the result of any such misrepresentation. Moreover, Plaintiff's own allegations raise the question of whether Minnesota law should apply to the alleged misrepresentations made outside Texas regarding a Minnesota claim under a Minnesota Insurance Policy. Accordingly, Plaintiff should amend his Petition to plead his fraud claim with particularity and to articulate how Texas law governs Plaintiff's claim for fraud.

14.     **Breach of Fiduciary Duty** [¶¶ 8,15]. Defendant specially excepts to Plaintiff's claim for breach of fiduciary duty, because Plaintiff fails to provide any basis for why a formal or informal fiduciary duty applies to this case. Specifically, Plaintiff merely reiterates the common law duty of good faith and fair dealing and does not allege any factual basis for why an informal relationship of trust and confidence existed between

State Farm and its insured.[1] Moreover, Plaintiff's own allegations raise the question of whether Minnesota law should apply to an alleged breach of fiduciary duty committed outside the State of Texas regarding a Minnesota claim under a Minnesota Insurance Policy. Accordingly, Plaintiff should amend his pleadings to set forth specific facts regarding the basis for the alleged duty owed and how Texas law governs the alleged fiduciary duty in this case.

## PRAYER

15.    Defendant prays that this Court sustain its special exceptions to Plaintiff's Original Petition and, upon final trial and hearing hereof, that Plaintiff take nothing by his claims and that Defendant recover its costs, fees, and expenses, and such other and further relief to which Defendant may show it to be justly entitled in law and at equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:  ___/s/ M. Micah Kessler_____
        M. Micah Kessler
        State Bar No. 00796878
        mkessler@nck-law.com
        Avniel J. Adler
        State Bar No. 24071933
        aadler@nck-law.com
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
**COUNSEL FOR DEFENDANT**

---

[1]    *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998) ("a special relationship of trust and confidence must exist **prior to, and apart from** the agreement made the basis of the suit."). Plaintiff has not alleged a relationship with State Farm prior to the insurance agreement.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on August 14, 2017, in the manner(s) prescribed below:

W. Jeff Paradowski
1604 Copperfield Parkway, Suite 100
College Station, Texas 77845
**VIA E-SERVE AND
FACSIMILE – 979-774-2223**

*/s/ Avniel J. Adler*
Avniel J. Adler

# EXHIBIT B-3

**CLERK OF THE COURT**
Marc Hamlin
300 East 26th Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
W. JEFF PARADOWSKI
1604 COPPERFIELD PKWY STE 100
COLLEGE STATION TX  77845-3894

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: **State Farm Fire and Casualty Company who may be served at Corporation Service Company(Registered Agent) 211 E 7th Street, Suite 620, Austin, TX 78701-3218.** Defendant,
Greeting:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **361st District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas.  Said Petition was filed on **July 11, 2017** in the case, numbered **17-001818-CV-361** on the docket of said court, and styled,

**Steven A. Carr, Individually and as Trustee of the Carr Trust**
**v.**
**State Farm Fire and Casualty Company**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, on this the 12th day of July, 2017.

Marc Hamlin
Clerk of Brazos County, Texas

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____o'clock____.M.
Executed at _____, within the County of _____at _____ o'clock ___.M. on the
_____ day of _____, 20___, by delivering to the within
named_____
_____each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation_____

To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use

Taxed_____          Sheriff of _____County, Texas
Returned Record_____     By _____Deputy

DELIVERED
ON 7/20/17
BY Py



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16906650**
**Date Processed: 07/20/2017**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | Steven A. Carr vs. State Farm Fire and Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Brazos County District Court, Texas |
| **Case/Reference No:** | 17-001818-CV-361 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/20/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | W. Jeff Paradowski<br>979-774-2222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com